# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF JACK VERDONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 C 4449 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| ST. ALEXIUS MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant removed this case to this Court from the Circuit Court of DuPage County, and plaintiffs have filed a motion to remand, contending that there is no basis for federal jurisdiction. For the following reasons, the Court grants plaintiffs' motion [7]. Defendant's motion to file a sur-reply [12] is denied, as its sur-reply would not aid the Court.

## BACKGROUND

Four-year-old Jack Verdone was injured in an auto accident and subsequently treated by defendant, St. Alexius Medical Center. Plaintiffs, Jack's parents, acting on his behalf, have agreed to accept a settlement offer from the at-fault driver's insurance carrier and Jack's father's under-insured motorist insurance carrier, and they filed a petition in the Circuit Court of DuPage County for appointment as Jack's Plenary Guardians, for approval of a settlement involving a minor, and for adjudication of the hospital liens claimed by defendant on the settlement proceeds.

Defendant removed the action to this court, claiming federal question jurisdiction because the dispute over its liens centers on the federal statute governing the Medicaid system. In their state-court petition, plaintiffs took the position that the liens must be adjudicated (that is, reduced

to zero) because (a) it is settled Illinois law that a hospital cannot recover from a minor for medical bills addressed to the parents of the minor, *see, e.g.*, *Klem v. Mann*, 665 N.E.2d 514, 517 (1st Dist. 1996), and (b) section 140.12(i)(1-2) of the Illinois Administrative Code, which is part of the regulatory scheme enacted to opt in to Medicaid in Illinois, provides that a health care provider who "accepts an individual eligible for medical assistance from the Department as a Medicaid recipient . . . shall not bill, demand or otherwise seek reimbursement from that individual or from a financially responsible relative or representative of the individual for any service for which reimbursement would have been available from the Department," and, according to plaintiffs, defendant "accepted" Jack as a Medicaid recipient within the meaning of the regulation, so it must accept its Medicaid reimbursement as full payment for Jack's care.

## DISCUSSION

A state-court defendant may remove a civil action to a federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have original jurisdiction of an action either based on diversity of citizenship under 28 U.S.C. § 1332, which no party claims exists in this case, or if the civil action "aris[es] under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331. To arise under the laws of the United States, the civil action need not include claims that have been created by federal law, but if the action presents only state-law claims, at least one of them must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

In this case, there is no claim created by federal law; plaintiffs seek (1) appointment as their son's Plenary Guardians, (2) approval of the settlement with the insurance carriers, and (3) adjudication of defendant's hospital liens. All of these claims arise under Illinois law.

Defendant claims to find a basis for removal in plaintiffs' petition to adjudicate the hospital liens. According to defendant, plaintiffs' Medicaid argument presents a federal issue that gives this court federal question jurisdiction under 28 U.S.C. § 1331 because resolving the issue requires interpretation of a federal statute. But a state-law claim worthy of federal question jurisdiction must ***necessarily*** raise a ***substantial*** federal issue over which there is an actual dispute. *Grable*, 545 U.S. at 314. Interpreting federal law is not necessary to resolving plaintiff's lien adjudication claim. A state-law claim does not "necessarily" present a "substantial" federal issue if the federal issue arises only in an alternative theory of relief. *Samuel Trading, LLC v. Diversified Grp., Inc.*, 420 F. Supp. 2d 885, 891 (N.D. Ill. 2006) ("If a claim can be supported independently by both state and federal law theories, 'federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'") (quoting *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996)). Plaintiffs presented two theories of relief on their lien adjudication claim: the theory based on *Klem v. Mann* and like cases, and the Medicaid theory. Only the Medicaid theory presents any possible federal issue; the alternative theory depends entirely on Illinois law. There is no basis for federal question jurisdiction because interpreting federal law is not necessary to resolving this case.

The absence of any necessity of interpreting federal law is reason enough to grant the motion to remand. But the Court also notes that, even if the Court were to assume that the Medicaid theory were the plaintiffs' only theory of relief on their lien adjudication claim, it would remain unclear whether there is any need to interpret federal law to resolve that claim. In

their petition, plaintiffs do not cite any federal statute in support of their Medicaid theory; they cite only regulations of the Illinois Administrative Code relating to Medicaid. Defendant cites *Gister v. American Family Mutual Insurance Co.*, 818 N.W.2d 880, 886 (Wis. 2012), in which, under similar facts, the Wisconsin Supreme Court stated that, "[a]lthough there is no federal cause of action asserted in the case at bar, federal law provides the appropriate framework to analyze the case." While the Wisconsin Supreme Court, which noted that Medicaid is an example of "cooperative federalism" that is jointly funded and managed by federal and state governments, *id.* at 886, may have decided to start its analysis with cases interpreting the federal statute that established the overarching Medicaid scheme for states like Wisconsin to opt to join, the trial court and intermediate appellate court decisions it was reviewing in that case were based on Wisconsin law, *see id.* at 884-85. The court interpreted federal law and reviewed federal cases addressing similar hospital lien issues essentially to aid its interpretation of Wisconsin law. *Gister* provides little support for defendant's contention that the federal issue in this case is sufficiently "substantial" to pass the *Grable* test. *See Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910-11 (7th Cir. 2007).

Further, to whatever extent it might be helpful to analyze federal law in considering plaintiffs' state-law lien adjudication claim, defendant has not established that "the meaning of the relevant federal law is unclear." *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1300 (11th Cir. 2008). Defendant cites only *Gister* in support of its position, which cited three United States Court of Appeals decisions, **all** of which held that federal law did not bar liens similar to those in *Gister* and this case. *See Gister,* 818 N.W.2d at 511-12 (citing *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273 (5th Cir. 2008), *Spectrum Health Continuing Care Grp. v. Anna Marie Bowling Irrevocable Trust Dated June 27, 2002*, 410 F.3d 304, 307 (6th Cir.

4

2005), *Evanston Hosp. v. Hauck*, 1 F.3d 540, 543 (7th Cir. 1993)). These cases all reached the same or similar results, and defendant has not cited any contrary cases. Thus, the law on this issue appears to be well-settled, which only strengthens the Court's conviction that *Grable*'s substantiality requirement is not met in this case.[1] *See Adventure Outdoors*, 552 F.3d at 1300. The Illinois courts will have no trouble applying the principles elucidated in these federal appellate court cases, to the extent it is necessary, just as the Wisconsin Supreme Court did in *Gister*. *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) ("We are mindful that state courts are generally presumed competent to interpret and apply federal law."); *Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) ("[T]here is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions; otherwise there would be no field called 'conflict of laws' and no rule barring removal of a case from state to federal court on the basis of a federal defense.").

In any event, the Court understands plaintiffs to be raising a slightly different issue than the federal issue the Wisconsin Supreme Court addressed in *Gister*. Plaintiffs focus on what it means for a patient to be "accepted" as eligible for Medicaid under the Illinois Administrative Code; *Gister*'s discussion of federal law centered on different language having to do with what it means to "collect [payment] from" an individual under 42 U.S.C. § 1396a(25)(C). The federal government has little interest in having its courts interpret the Illinois Administrative Code, and to the extent the state court must interpret federal law, federal courts have already provided sufficient guidance on the relevant issue. This case presents no substantial federal issue allowing this Court to exercise subject-matter jurisdiction, especially considering plaintiffs' preference to

---

[1] The Court recognizes that, in *Spectrum*, the district court exercised federal question jurisdiction, but the hospital lien issue in that case was litigated to judgment and then on appeal in the Sixth Circuit, and then the Fifth Circuit weighed in on the issue in *Miller*, all after the Seventh Circuit—whose decisions bind this court—had already ruled on a hospital lien/Medicaid issue in *Evanston Hospital*. The state court in this case has the benefit of more guidance from federal appellate courts than did the trial court in *Spectrum*, which is a factor in the substantiality analysis. *See Adventure Outdoors*, 552 F.3d at 1300.

5

litigate in state court. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states.") (internal citations omitted).

Defendant has also filed a motion to submit a sur-reply to address plaintiffs' assertion that they have not reached a final settlement in this matter. First, defendant has no need to file a sur-reply to address this issue because the issue was clearly raised in plaintiffs' initial motion to remand. This was not an issue that plaintiffs first raised in their reply brief, so if defendant wanted to address it, it could have done so in its response brief. More importantly, a sur-reply on this issue would not aid the Court. The status of the settlement that plaintiff petitioned the state court to approve is immaterial to this Court's analysis, which focuses on the substantiality of the federal question, not the ripeness of the dispute.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' motion to remand [7]. This case is remanded to the Circuit Court of DuPage County. Defendant's motion to file a sur-reply [12] is denied. Civil case terminated.

**SO ORDERED.**  **ENTERED: June 20, 2016**

_____
**HON. JORGE ALONSO**
**United States District Judge**